ZARELLA, J.
 

 The defendant, Terry P. Herring, appeals from the judgment of the Appellate Court affirming his conviction, rendered after a jury trial, of conspiracy to distribute one kilogram or more of a cannabis-type substance in violation of General Statutes §§ 21a-278(b) and 53a-48, and possession of one kilogram or more of a cannabis-type substance with intent to sell
 as an accessory in violation of § 21a-278(b) and General Statutes § 53a-8.
 
 State
 
 v.
 
 Herring
 
 ,
 
 151 Conn.App. 154
 
 , 155, 173,
 
 94 A.3d 688
 
 (2014). The Appellate Court concluded, inter alia, that, under the waiver rule announced in
 
 State
 
 v.
 
 Kitchens
 
 ,
 
 299 Conn. 447
 
 , 482-83,
 
 10 A.3d 942
 
 (2011), the defendant failed to preserve his claim that the trial court had incorrectly instructed the jury on the state of mind required to find him guilty of both offenses.
 
 [1]
 
 See
 
 State
 
 v.
 
 Herring
 
 , supra, 170-71,
 
 94 A.3d 688
 
 . On appeal to this
 court, the defendant does not challenge the Appellate Court's conclusion that he waived his jury instruction claim under
 
 Kitchens
 
 . Instead, he requests that the waiver rule in
 
 Kitchens
 
 be overturned and that his claim be reviewed under
 
 State
 
 v.
 
 Golding
 
 ,
 
 213 Conn. 233
 
 , 239-40,
 
 567 A.2d 823
 
 (1989).
 
 [2]
 
 He contends that, if this court reviews his claim under
 
 Golding
 
 , he would prevail because the trial court's instruction resulted in harmful error. In the alternative, the defendant seeks review under the plain error doctrine. Our resolution of the defendant's request to overturn the waiver rule is controlled by our decision in
 
 State
 
 v.
 
 Bellamy
 
 ,
 
 323 Conn. 400
 
 , 403,
 
 147 A.3d 655
 
 (2016), in which we considered the rule's continued viability and concluded that it should not be overturned. Accordingly, we reject the defendant's request to overturn the waiver rule in
 
 Kitchens
 
 and to review his jury instruction claim under
 
 Golding
 
 . We also decline to review his claim under the plain error doctrine because such review is beyond the scope of the certified question.
 
 [3]
 

 The judgment of the Appellate Court is affirmed.
 

 In this opinion the other justices concurred.
 

 The defendant claimed on appeal to the Appellate Court, and continues to claim in his brief to this court, that the trial court's jury instructions "lowered the state's burden of proof on both counts and misled the jury" because they included "objective 'reasonable person' language in [their] definition of knowingly, which, by statute, is defined as 'awareness,' a purely subjective determination."
 

 We note that the parties in
 
 State
 
 v.
 
 Bellamy
 
 ,
 
 323 Conn. 400
 
 ,
 
 147 A.3d 655
 
 (2016), asked this court to adopt the arguments made by the parties and their amicus in the present appeal. See
 
 id.,
 
 476 n.11,
 
 147 A.3d 655
 
 .
 

 We granted the defendant's petition for certification to appeal, limited to the following questions: "Should this court overrule [
 
 Kitchens
 
 ], thereby permitting review of the defendant's unpreserved claim of instructional impropriety? If so, is the defendant entitled to prevail on that claim under [
 
 Golding
 
 ]?"
 
 State
 
 v.
 
 Herring
 
 ,
 
 314 Conn. 914
 
 ,
 
 100 A.3d 849
 
 (2014).
 

 We also note that the issue of whether waiver under
 
 Kitchens
 
 precludes plain error review is presently before this court in another pending appeal. See
 
 State
 
 v.
 
 McClain
 
 ,
 
 319 Conn. 902
 
 ,
 
 122 A.3d 637
 
 (2015) (granting certification to review issue of whether "the Appellate Court properly determine[d] that an implied waiver of a claim of instructional error that satisfies [
 
 Kitchens
 
 ] ... also forecloses plain error review" [citation omitted] ).